IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff-in-Interpleader,<br><br>    v.<br><br>BRIAN R. PORTER; CHARLES W. NICHOLS, as Co-Trustee of the LeANN P. Porter Revokable Living Trust; BETTY JANE NICHOLS, as Co-Trustee of the LeAnn P. Porter Revokable Living Trust,<br><br>    Defendants-in-Interpleader. | 02:09-cv-02058-GEB-DAD<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

        The July 27, 2009 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for October 19, 2009, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference.  The Order further required that a status report be filed regardless of whether a joint report could be procured.  No status report was filed as ordered.

1

Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on November 2, 2009, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on November 16, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. A status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated: October 8, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).