IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNECTICUT GENERAL LIFE INSURANCE )
COMPANY,                            )    2:09-cv-02058-GEB-DAD
                                    )
     Plaintiff-in-Interpleader,     )
                                    )
          v.                        )    STATUS (PRETRIAL
                                    )    SCHEDULING) ORDER
BRIAN R. PORTER; CHARLES W.         )
NICHOLS, as Co-Trustee of the LeAnn )
P. Porter Revokable Living Trust;   )
BETTY JANE NICHOLS, as Co-Trustee   )
of the LeAnn P. Porter Revokable    )
Living Trust,                       )
                                    )
     Defendants-in-Interpleader.    )
_____)

          The status (pretrial scheduling) conference scheduled for December 14, 2009 is vacated since the parties indicate in the Joint Status Report that the following Order should issue.

          SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

          No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

                              DISCOVERY

          All discovery shall be completed by February 18, 2011.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders,

1

if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before September 20, 2010, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before October 20, 2010.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be April 18, 2011, at 9:00 a.m.[2]

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for June 13, 2011, at 3:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing <u>in propria persona</u> must attend the pretrial conference.

---

[1] The Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 302(c)(1). A party conducting discovery near the discovery "completion" date risks losing the opportunity to have a judge resolve a discovery dispute concerning that discovery.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1      The parties are warned that <u>non-trial worthy issues could be
2 eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no
3 material facts are in dispute and that the undisputed facts entitle
4 one of the parties to judgment as a matter of law." <u>Portsmouth Square
5 v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).
6      The parties shall file a <u>JOINT</u> pretrial statement no later
7 than seven (7) calendar days prior to the final pretrial conference.[3]
8 The parties shall include in the joint pretrial statement: (1) a list
9 of the remaining claims against each defendant; (2) a list of the
10 remaining affirmative defenses; and (3) the estimated number of trial
11 days.[4]  Further, in accordance with Local Rule 281(b)(3)-(4), the
12 parties shall provide the undisputed facts they agree can be read to
13 the jury before opening statements, or used by the judge in deciding a
14 bench trial; and a concise statement of disputed factual issues
15 pertinent to the claims and affirmative defenses to be tried.
16      The Court uses the parties' joint pretrial statement to
17 prepare its final pretrial order and could issue the final pretrial
18 order without holding the scheduled final pretrial conference.  <u>See
19 Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
20 requirement that the court hold a pretrial conference.").

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[4] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

## TRIAL SETTING

Trial shall commence at 9:00 a.m. on September 13, 2011.

## MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated: December 9, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge