1

2

3

4

5                  IN THE UNITED STATES DISTRICT COURT

6               FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8  CONNECTICUT GENERAL LIFE            )
   INSURANCE COMPANY,                  )
9                                      )
                   Plaintiff,          )    2:09-cv-02058-GEB-DAD
10                                     )
          v.                           )    ORDER DENYING DEFENDANT'S
11                                     )    MOTION TO DISMISS, FOR
   BRIAN R. PORTER; CHARLES W.         )    JUDGMENT ON THE PLEADINGS,
12 NICHOLS, as Co-Trustee of the LeAnn)    OR, IN THE ALTERNATIVE, A MORE
   P. Porter Revokable Living Trust;   )    DEFINITE STATEMENT*
13 BETTY JANE NICHOLS, as Co-Trustee   )
   of the LeAnn P. Porter Revokable    )
14 Living Trust,                       )
                                       )
15                 Defendants.         )
                                       )
16 ─────────────────────────────────────

17      On November 30, 2009, Defendant Brian Porter filed a motion in

18 which he seeks to dismiss Connecticut General Life Insurance Company's

19 interpleader complaint under Federal Rules of Civil Procedure 12(b)(1)

20 and 12(b)(6).  Defendant alternatively moves for a more definitive

21 statement under Federal Rule of Civil Procedure 12(e).  Defendant also

22 indicates he is moving for judgment on the pleadings under Federal

23 Rule of Civil Procedure 12(c).  However, Defendant has not addressed

24 the applicable standard governing a Rule 12(c) motion and has made

25 only a conclusory argument that is woefully insufficient to prevail on

26

27 ─────────────────────

28      *    This matter is deemed to be suitable for decision without oral
   argument.  E.D. Cal. R. 230(g).

1

this portion of his motion.  Therefore, Defendant's Rule 12(c) motion is DENIED.

## I.  **LEGAL STANDARDS**

### A.  **Federal Rule of Civil Procedure Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1)("Rule 12(b)(1)"), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  The plaintiff bears the burden of demonstrating that federal subject matter jurisdiction exists.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

### B.  **Federal Rule of Civil Procedure 12(b)(6)**

In deciding a motion under Federal Rule of Civil Procedure 12(b)(6)("Rule 12(b)(6)"), the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff.  See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).  To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

### C.  **Federal Rule of Civil Procedure 12(e)**

Under Federal Rule of Civil Procedure 12(e) ("Rule 12(e)"), a party may move for a more definite statement where the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  "A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being

asserted, *i.e.,* so vague that the defendant cannot begin to frame a response." C.B. v. Sonora Sch. Dist., --- F. Supp. 2d ----, 2009 WL 3077989, at *6 (E.D. Cal. Sept. 22, 2009)(citation omitted). Therefore, a motion for a more definite statement must be denied if "the complaint is specific enough to notify the defendant of the substance of the claim being asserted." Id.

## II.  BACKGROUND

Plaintiff issued a Group Flexible Premium Adjustable Life Insurance Policy No. 596726 to the People's Bank as Trustee of the Universal Life Insurance Trust for Kraft General Foods (the "Policy"), providing certain categories of Kraft employees with life insurance. (Compl. ¶ 10.)  Defendant was a covered employee under the Policy. (Id.)  LeAnn Porter, Defendant's spouse, was also covered under the Policy in the amount of $200,000.  (Id.)  Originally, Defendant was named as LeAnn Porter's beneficiary under the Policy.  (Id. ¶ 11.)

However, on or about February 20, 2009, Plaintiff received a correspondence from LeAnn Porter's counsel, enclosing a "Stipulation and Order Re: Child Custody, Child Visitation, Counseling and Life Insurance Beneficiary," (the "Stipulation") in which Defendant and LeAnn Porter stipulated to designate the LeAnn P. Porter Revokable Living Trust as the beneficiary to one-half of the proceeds under the life insurance policy covering LeAnn Porter.  (Id. ¶ 12, Ex. B.)  The correspondence instructed Plaintiff to "immediately change the beneficiary designation of [the Policy]."  (Id., Ex. B.)  The Stipulation was adopted by the Sacramento County Superior Court on February 20, 2009.  (Id., Ex. B.)

Shortly thereafter, on February 24, 2009, LeAnn Porter died. (Id. ¶ 13, Ex. C.)  On or about March 20, 2009, Plaintiff received a

1   correspondence from Defendant's counsel, in which he instructed
2   Plaintiff that "[a]ny claim for the proceeds under the [Policy] . . .
3   should be held pending a court determination as to the validity of
4   [the] recent court-ordered change of beneficiary designation." (Id. ¶
5   14, Ex. D.)

6       On July 23, 2009, Plaintiff filed a complaint under Federal Rule
7   of Civil Procedure 22 against Defendant and Charles and Betty Nichols,
8   as the Co-Trustees of the LeAnn P. Porter Revokable Living Trust.
9   Plaintiff alleges each Defendant is "asserting some right, title or
10  interest in all or a portion of the proceeds of the Policy" and
11  therefore, "there are conflicting potential demands upon [Plaintiff]
12  regarding the Policy." (Id. ¶ 15.)  Further, [Plaintiff] alleges it
13  "does not know and cannot determine the beneficiaries of the Policy or
14  persons legally entitled to the proceeds of the Policy." (Id. ¶ 16.)
15  Concurrent with the filing of the complaint, Plaintiff deposited with
16  the Clerk of the Court, $200,347.93, which represents the proceeds of
17  the Policy plus accrued cash value and interest. (Id. ¶ 23.)
18  Plaintiff requests that the court "determine the true and lawful
19  beneficiary(ies) to the proceeds of the Policy, and to subsequently
20  release such proceeds to the true and lawful beneficiary(ies)."
21  (Prayer ¶ 2.)

22                      **III.   DISCUSSION**

23  **A.  Diversity Jurisdiction Provides Subject Matter Jurisdiction**

24      Defendant argues Plaintiff's complaint should be dismissed under
25  Rule 12(b)(1) since ERISA preempts Plaintiff's action, and under
26  ERISA, Plaintiff cannot bring an interpleader complaint.  While this
27  argument does not appear to challenge subject matter jurisdiction,
28  federal courts have a duty to establish subject matter jurisdiction

4

1   regardless of whether it is raised by the parties.  <u>See</u> <u>United</u>
2   <u>Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 966-67
3   (9th Cir. 2004)(stating that "a district court's duty to establish
4   subject matter jurisdiction is not contingent upon the parties
5   arguments.")

6        Plaintiff's complaint is brought under Federal Rule of Civil
7   Procedure 22(a).  "Rule 22 interpleader[,] [however,] is only a
8   procedural device . . . [and] does not convey [subject matter]
9   jurisdiction on the [district] courts.  Accordingly, a party seeking
10  to bring an interpleader action in federal court must establish
11  statutory jurisdiction."  <u>Aetna Life Ins. Co. v. Bayona</u>, 223 F.3d
12  1030, 1033 (9th Cir. 2000)(quotations and citations omitted).

13       Plaintiff alleges there is diversity jurisdiction under 28 U.S.C.
14  § 1332(a)("Section 1332(a)").  (Compl. ¶ 7.)  To establish diversity
15  jurisdiction under Section 1332(a), Plaintiff must demonstrate there
16  is "complete diversity" between it and all Defendants and that the
17  amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).
18  Plaintiff alleges it is a corporation organized and existing under the
19  laws of Connecticut with its principal place of business in
20  Connecticut, and each Defendant is a citizen of California.  (Compl.
21  ¶¶ 1-5.)  Further, Plaintiff alleges that the amount in controversy is
22  $200,000 plus interest, which represents the proceeds of the Policy at
23  issue.  (<u>Id.</u> ¶¶ 6-7.)

24       Rather than challenging the existence of diversity jurisdiction,
25  Defendant argues federal question jurisdiction also lies under ERISA
26  since ERISA preempts the allegations in Plaintiff's complaint.  This
27  argument, however, does not show that the court is without subject
28  matter jurisdiction.  Since Plaintiff has demonstrated the existence

of diversity jurisdiction, the merits of Defendant's ERISA preemption argument need not be decided in connection with Defendant's motion for dismissal for lack of subject matter jurisdiction.  Therefore, Defendant's Rule 12(b)(1) motion is denied.

### B.  Plaintiff Has Stated a Claim under Rule (12)(b)(6)

Defendant also seeks dismissal of Plaintiff's complaint under Rule 12(b)(6), arguing that Plaintiff lacks standing to sue "because the threat of future harm averred in the complaint is too abstract, conjectural, and hypothetical."  Plaintiff counters it has standing to bring an interpleader action since it has satisfied the requirements of Rule 22(a)(1).

Rule 22(a)(1) provides, in pertinent part, that "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability."  Fed. R. Civ. P. 22(a)(1).  "In an interpleader action, the 'stakeholder,' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1265 (9th Cir. 1992).  Therefore, an interpleader action's "primary purpose is not to compensate, but rather to protect [the] stakeholder[] from multiple liability as well as from the expense of multiple litigation."  Bayona, 223 F.3d at 1034.  An interpleader action "is appropriate if the stakeholder-plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims. This danger need not be immediate; any possibility of having to pay more than is justly due, no matter how improbable or remote, will suffice."  Prudential Ins. Co. Of Am. v. Wells, No. C09-0132 BZ, 2009

1  WL 1457676, at *2 (N.D. Cal. May 21, 2009)(quotations and citations
2  omitted).  Further, "[t]he availability of the interpleader remedy is
3  not dependent upon on the merits of the claims asserted against the
4  stakeholder."  Id.

5       Plaintiff alleges LeAnn Porter was covered under a Group Flexible
6  Premium Adjustable Life Insurance Policy that it issued in the amount
7  of $200,000, and that LeAnn died on February 24, 2009.  (Compl. ¶¶ 10,
8  13.)  Further, Plaintiff alleges each Defendant is "asserting some
9  right, title or interest in all or a portion of the proceeds of the
10 Policy" and as a result, Plaintiff "believes that there are
11 conflicting potential demands upon [it] . . . ."  (Id. ¶ 15.)
12 Plaintiff also attached to its complaint a letter from Defendant's
13 counsel, in which he argues that the Stipulation executed by Defendant
14 and LeAnn Porter, that was adopted by the Sacramento County Superior
15 Court on February 20, 2009, may not have effectuated a change in
16 beneficiaries under the Policy.  These allegations are sufficient to
17 state a claim under Rule 22(a) since Plaintiff has alleged Defendant
18 and the Co-Trustees of the LeAnn P. Porter Revokable Living Trust are
19 adverse claimants to the proceeds of the Policy.  "Under the
20 circumstances, [P]laintiff has a bona fide fear of adverse claims
21 arising with regard to the [proceeds of the Policy] . . . ."  Wells,
22 2009 WL 1457676, at *4.  Therefore, Defendant's argument that
23 Plaintiff lacks standing to sue is rejected.

24      Defendant also argues Plaintiff's interpleader action is not
25 supported by either a federal or state cause of action and should
26 therefore be dismissed under Rule 12(b)(6).  This argument reflects
27 Defendant's misunderstanding of the interpleader action pled in
28 Plaintiff's complaint.  By bringing an interpleader action against

7

1  Defendants, Plaintiff seeks to have the "[Defendants] litigate who is
2  entitled to the money." <u>Cripps</u>, 980 F.2d at 1265.  Since Defendant
3  has not shown Plaintiff's interpleader allegations are insufficient to
4  state an interpleader claim, this portion of the motion is also
5  denied.

6      Defendant also argues ERISA preempts Plaintiff's interpleader
7  action and since Plaintiff may not maintain a claim under ERISA, the
8  complaint should be dismissed under Rule 12(b)(6).  However, Defendant
9  has cited no authority suggesting that ERISA precludes Plaintiff from
10  bringing its interpleader action under Rule 22(a)(1) and Section
11  1332(a).  Further, "[t]he limitations on ERISA standing to sue are not
12  directly present here because [P]laintiff . . . brought [the]
13  interpleader action under Fed. R. Civ. P. 22, with federal
14  jurisdiction premised upon diversity of citizenship." <u>State St. Bank</u>
15  <u>and Trust Co. v. Denman Tire Corp.</u>, 240 F.3d 83, 89 n.4 (1st Cir.
16  2001).  While ERISA may subsequently be found to apply to this action,
17  that issue need not be reached in deciding this portion of Defendant's
18  motion.  ERISA, if applicable, may dictate the law governing
19  Defendants' claims to the proceeds of the Policy. <u>See</u> <u>Connecticut</u>
20  <u>Gen. Life Ins. Co. v. Riner</u>, 351 F. Supp. 492, 497 (W.D. Va.
21  2005)(discussing ERISA preemption of state law when interpleader
22  action is brought under Rule 22(a)(1) and subject matter jurisdiction
23  is premised upon diversity jurisdiction).  Notwithstanding any
24  potential applicability of ERISA to this action, Defendant has failed
25  to demonstrate any infirmity in Plaintiff's complaint justifying
26  dismissal.  Therefore, Defendant's dismissal motion under Rule
27  12(b)(6) is denied.
28  //

**C.  Defendant Is Not Entitled to a More Definite Statement**

Defendant also argues in a conclusorily manner that he is entitled to a more definite statement because he "cannot reasonably frame a responsive pleading because the complaint is so vague and ambiguous."  However, Defendant has not articulated in what ways Plaintiff's complaint is vague or ambiguous.  "[T]he complaint is specific enough to notify . . . [D]efendant of the substance of the claim being asserted."  <u>Sonora Sch. Dist.</u>, 2009 WL 3077989, at *6. Therefore, this portion of Defendant's motion is also denied.

## IV.  <u>CONCLUSION</u>

For the stated reasons, Defendant's motion seeking dismissal, judgment on the pleadings, and a more definite statement, is DENIED.

Dated:  January 20, 2010

GARLAND E. BURRELL, JR.
United States District Judge