IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>BRIAN R. PORTER; CHARLES W. NICHOLS, as Co-Trustee of the LeAnn P. Porter Revokable Living Trust; BETTY JANE NICHOLS, as Co-Trustee of the LeAnn P. Porter Revokable Living Trust,<br><br>        Defendants. | 2:09-cv-02058-GEB-DAD<br><br>ORDER APPROVING STIPULATED JUDGMENT IN INTERPLEADER |

       Plaintiff-in-Interpleader Connecticut General Life Insurance Company ("Connecticut General"), and Defendants-in-Interpleader Brian R. Porter ("Porter"), and Charles W. Nichols and Betty Jane Nichols, as Co-Trustees of the LeAnn P. Porter Revocable Living Trust (the "Trust"), filed a "Revised [Proposed] Stipulated Judgement in Interpleader" on December 20, 2010, in which they stipulate to judgment as follows:

       1.   Connecticut General properly filed its Complaint in Interpleader and for Declaratory Relief and this is a proper cause for Interpleader by and between the parties.

       2.   Connecticut General issued Group Flexible Premium Adjustable Life Insurance Policy No. 596726 to the People's Bank as

1

1 | Trustee of the Universal Life Insurance Trust for Kraft General Foods
2 | (the "Policy").  Porter was a covered employee under the Policy and the
3 | Decedent, LeAnn Porter, was covered as Porter's spouse under Certificate
4 | Number 3771618.  The face value of Decedent's coverage was $200,000 (the
5 | "Proceeds").
6 |        3.   At the time of application, Porter was Decedent's named
7 | beneficiary.
8 |        4.   On or about February 20, 2009, Connecticut General
9 | received correspondence from Decedent's counsel enclosing a "Stipulation
10 | and Order Re: Child Custody, Child Visitation, Counseling and Life
11 | Insurance Beneficiary," in which Porter and Decedent appeared to have
12 | stipulated to designate the Trust as beneficiary to one-half of the
13 | proceeds of the Policy.  The stipulation was signed by the court on
14 | February 20, 2009.
15 |        5.   Decedent died on February 24, 2009.
16 |        6.   On or about March 20, 2009, Connecticut General received
17 | correspondence from Porter's counsel asserting a claim to the Policy
18 | proceeds and indicating that the stipulation may be invalid.
19 |        7.   On July 25, 2009, Connecticut General filed the instant
20 | Interpleader action.
21 |        8.   On July 25, 2009, Connecticut General deposited the
22 | disputed funds in the amount of $200,347.93 (the "Funds") with the
23 | Court, representing the principal ($200,000.00), accrued cash value
24 | ($4.62) and interest ($343.31).
25 |        9.   Porter is entitled to 50% of the Funds plus accrued
26 | interest, less fees and costs as described below.  The Court Clerk shall
27 | disburse this amount made payable to Brian R. Porter.
28 |

10. The Trust is entitled to 50% of the Funds plus accrued interest, less fees and costs as described below. The Court Clerk shall disburse this amount made payable to Charles W. Nichols and Betty J. Nichols as Co-Trustees of the LeAnn P. Porter Revocable Living Trust.

11. The Court Clerk shall deduct the registry fund fee assessed under Local Rule 150(I) from the Funds prior to calculating the amounts due to Porter and the Trust.

12. Connecticut General is entitled to payment of $7,345.62 from the Funds, which consists of $6,649.60 for attorneys' fees expended in this action, plus $696.02 in costs. The Court Clerk shall disburse this amount made payable to Connecticut General Life Insurance Company.

13. Defendants-in-Interpleader Brian R. Porter, Charles W. Nichols as Co-Trustee of the LeAnn Porter Revocable Living Trust, and Betty J. Nichols as Co-Trustee of the LeAnn Porter Revocable Living Trust, and their agents, attorneys or assigns, are permanently enjoined from instituting or prosecuting in any state or federal court, any suit at law or in equity, or action of any kind whatsoever, against Connecticut General Life Insurance Company, its predecessors, successors, subsidiaries, affiliates, parent corporation, officers, employees and/or agents with respect to the Proceeds due under the Policy, except as necessary to enforce the judgment entered in this action.

14. Connecticut General Life Insurance Company is dismissed from this action with prejudice and discharged of all liability to Porter and the Trust with respect to the Policy or the proceeds of the Policy.

///

///

1  The parties' above stipulated judgment in interpleader is
2 approved. Therefore, the Clerk of the Court shall enter judgment in
3 accordance with the above stipulated judgment.  Further, this action
4 shall be closed.

5 Dated:   December 21, 2010

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```